**Opinion filed July 26, 2012**



# In The

# Eleventh Court of Appeals

———————

## No. 11-10-00262-CR

———————

## MELISSA ANN ALVARADO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9640**

## M E M O R A N D U M   O P I N I O N

The jury convicted Melissa Ann Alvarado of taking a prohibited substance into a correctional facility and assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. TEX. PENAL CODE ANN. § 38.11(b) (West 2011). The jury additionally assessed a fine of $5,000. Appellant challenges the sufficiency of the evidence supporting her conviction in two issues. We affirm.

*Background Facts*

Officer Randy Ford of the Snyder Police Department observed appellant driving her vehicle with an obscured license plate in the early morning hours of November 29, 2009. Officer Ford recognized appellant's vehicle, and he knew that her driver's license was invalid. After stopping appellant and confirming the invalid status of her driver's license, he requested Officer Lea Tarter to come to the scene to conduct a "pat down" search of appellant. Her search did not reveal the presence of weapons on appellant. Officer Ford then transported appellant to the Scurry County Jail in his patrol car. He testified that, while transporting appellant to the jail, he asked her if she had any controlled or prohibited substances on her person and that he explained to her that bringing such items into the jail would be an offense.

After arriving at the jail, Officer Ford requested Officer Tarter and Margaret Harris, a female jailer, to conduct a strip search of appellant. They took her to a holding cell and asked her to disrobe. Harris and Officer Tarter testified that, as appellant was pulling her "hoody" sweater off, a rock-like substance fell to the floor. Harris and Officer Tarter both testified that they personally observed the substance falling from appellant's body. Officer Ford testified that the substance had the appearance and consistency of a rock of crack cocaine. DPS Chemist Dennis Hambrick testified that his testing of the rock indicated that it contained cocaine.

*Standard of Review*

Appellant challenges the legal and factual sufficiency of the evidence supporting her conviction in two issues on appeal. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Thus, a challenge to the factual sufficiency of the evidence is no longer viable. Accordingly, we will consider the arguments advanced by

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

appellant in support of her factual sufficiency challenge in conjunction with our review of the legal sufficiency of the evidence.

To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). In conducting a legal sufficiency review, we are required to defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Each fact need not point directly and independently to the guilt of the defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13.

Appellant asserts that the evidence supporting her conviction is deficient because there is no evidence that she intentionally or knowingly took the prohibited substance into the jail. She asserts that the evidence is legally insufficient because there is no evidence that she had any intent of possessing the rock of crack cocaine or that she had knowledge that it was contained within her apparel or on her body.[3] We disagree.

Mental culpability generally must be inferred from the circumstances under which a prohibited act or admission occurs. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998). A jury may infer intent or knowledge from any facts that tend to prove its existence, including the acts, words, and conduct of the accused and the method of committing the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). When a defendant has exclusive possession of the place where a controlled substance is found, her knowledge of and control over the substance may be inferred. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Harris and Officer Tarter testified that the controlled substance in this case fell from appellant's body, a

---

[3]Appellant advanced the same argument in support of her factual sufficiency challenge.

place clearly within her exclusive possession. Accordingly, the jury could have inferred that she intentionally or knowingly possessed the cocaine. Reviewing all of the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's two issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


July 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4